IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:                                                    :

                                                          :

FOURTH QUARTER PROPERTIES XLVII, LLC,    :    Chapter 11 Case No. 09-13959

                                                          :

        Debtor.                                           :

                                                          :

_____    :

## MOTION TO ESTABLISH COMPENSATION PROCEDURES FOR PROFESSIONALS

COMES NOW, Fourth Quarter Properties XLVII, LLC, Debtor and Debtor-In-Possession in the above-captioned case ("Debtor") and files this Motion to Establish Compensation Procedures for Professionals ("Motion"), and, in support thereof, respectfully shows this Court as follows:

1.      On November 2, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of the United States Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as Debtor-In-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      In furtherance of its duties as Debtor-in-Possession, the Debtor has filed an Application to Approve Employment of Attorneys.  Additionally, it may become necessary during the course of these cases for the Debtor, or the Official Committee of Unsecured Creditors, if one is appointed and forms, to seek to retain additional professionals, such as accountants, appraisers, attorneys and consultants to assist in the performance of their respective duties, or to assist in litigation or the formulation of a Plan of Reorganization.

3.      Under 11 U.S.C. § 331, such professionals are limited to applying for interim compensation not more than once every 120 days after the Order for Relief, unless the Court authorizes applications for interim compensation more frequently.

4.       Disbursement on account of 120 days of accumulated professional fees could unreasonably impact the Debtor's cash flow.

5.       Bankruptcy Rule 2016(b) authorizes supplemental payments and deposits to professionals following the filing of the bankruptcy case, provided that each attorney disclose such additional payments within fifteen (15) days after any payment or agreement not previously disclosed.  As an inducement to encourage qualified professionals to agree to represent the estate in this case and in order to dissipate the impact of the award of professional fees upon the Debtor's cash flow, the Debtor seeks permission to make payments toward awards of interim and final compensation with court-appointed professionals now or hereafter appointed in each of their respective cases and to consolidate the administrative approval of professional fees using the following procedure:

(1)      All professionals employed in these cases, whether upon a time basis, a deposit basis or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with each case in accordance with Section 330 of the Bankruptcy Code.  All services rendered by any professional whose engagement is approved by this Court rendered within fifteen (15) days prior to the filing of the respective Chapter 11 Cases shall be deemed to have been rendered for the benefit of the Debtor-in-Possession and subject to the terms of this Order.

(2)      Commencing on or before the petition date, November 2, 2009, for all services performed prior to such date and as of the end of each regular billing period thereafter, each professional shall submit to Stone & Baxter, LLP, invoices for interim compensation and shall provide copies thereof to the United States Trustee, counsel for any Committee, counsel for Wachovia Bank, and such other parties as the Court may direct.

(3)      The parties receiving such fee invoices shall have fifteen (15) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for the Debtor, counsel for any Committee and the United States Trustee specific written objections to payment of any of the time or expenses itemized.  Such written objections shall specifically identify the time or expense objected to and shall state the reason(s) for such objection.

(4)      If no such written objection to the fee invoice is received within fifteen (15) days of service as stated in paragraph (3) above, then each applicant shall file a

2

Certificate of No Objection with the Court (substantially in the form of Exhibit "A" attached hereto) and the fees shall be paid by the Debtor (with any professional first looking to any prepetition deposit from the Debtor), subject to the terms of this Order. If a specific written objection to the invoice is timely filed, then, after the expiration of the fifteen (15) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be paid by the Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(5)    Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fifteen (15) days after the date of each deposit to such professional.

(6)    Commencing as of March 2, 2010, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional shall submit to Stone & Baxter, LLP, applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Within ten (10) days from the date of the receipt of all such applications, Stone & Baxter, LLP shall file the original of all such applications, including its own, with the Clerk of Bankruptcy Court, and shall prepare a consolidated notice of all requests for compensation ("Notice of Compensation") and shall serve a copy of such applications and the Notice of Compensation upon (i) the United States Trustee; (ii) any Committee appointed in this case or its authorized representative, or, if no Committee organizes, the twenty (20) largest creditors filed with the Court in each Case pursuant to Bankruptcy Rule 1007(d); and (iii) counsel for Wachovia Bank. Additionally, the Notice of Compensation shall be served in accordance with Bankruptcy Rule 2002(a)(6) and upon any parties who file a request for notice pursuant to Bankruptcy Rule 2002(i) and who serve counsel for the Debtor with a copy of such request; and upon such other parties as the Court may direct;.

(7)    All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be in writing and shall be served upon the professional whose compensation is objected to, and upon Stone & Baxter, LLP, the United States Trustee, and counsel representing any Committee so as to be received no later than five (5) days prior to the date scheduled for any such hearing.

(8)    All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(9)    In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof,

3

at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(10)    Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.


6.    A copy of this Motion has been served upon the United States Trustee and counsel for Wachovia Bank.  Notice of this Motion has been given to the United States Trustee and to all creditors in this case and all parties who have requested notice.  A proposed Order granting this Motion has been submitted herewith.

WHEREFORE, the Debtor requests that Motion be inquired into by the Court, that the same be GRANTED, and that it have such other and further relief as is just and proper.

Respectfully submitted, this the 3rd day of November, 2009.


STONE & BAXTER, LLP
By:
/s/ James P. Smith
James P. Smith
Georgia Bar No. 659775
George H. McCallum
Georgia Bar No. 481518
Fickling & Co. Building, Suite 800
577 Mulberry Street
Macon, GA 31201
(478) 750-9898
(478) 750-9899 (Facsimile)
Attorneys for the Debtors and Debtors-in-Possession

G:\CLIENTS\Fourth Quarter Properties\First Day Motions\Motion to Est Compensation Procedures GA Prospect Park 11.2.09 GHM.doc

**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:                                                :

                                                      :

FOURTH QUARTER PROPERTIES XLVII, LLC,   :   Chapter 11 Case No. 09-13959

                                                      :

            Debtor.                                   :

                                                      :

                                                      :

_____

**CERTIFICATE OF NO OBJECTION**

COMES NOW, (x), counsel for (x) in the above-referenced Bankruptcy Case, and files
this Certificate of No Objection, and shows the Court the following:

1.      In accordance with the Order of this Court Establishing Compensation
Procedures For Professionals entered _____, 2009 (the "Compensation
Procedures Order"), (x) served a monthly invoice (the "Monthly Fee Statement") on (date) for
the period of time beginning (date) and ending  (date).

2.      (X)'s Monthly Fee Statement was served upon the proper parties pursuant to the
Compensation Procedures Order.

3.      As set forth in the Compensation Procedures Order, each party receiving a copy
of the Monthly Fee Statement shall have fifteen (15) days after service of the Monthly Fee
Statement to file and serve a written objection.  The deadline for objections was (x).  (X) has
not received any objections to the Monthly Fee Statement and the records of the Court indicate
that the Court has received no objection.

4.    In accordance with subparagraph (6) of the Compensation Procedures Order, the Debtor-in-Possession is authorized to pay the fees and expenses submitted by (X) in its Monthly Fee Statement as no objections have been filed within the time permitted by the Compensation Procedures Order.

This _____ day of _____, 2009.

(FIRM NAME)
BY:

/s/_____
(Name of Person signing pleading)
Bar No. _____
(Insert Address)
(Insert Phone and Fax No.'s)

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:                                         :

                                               :

FOURTH QUARTER PROPERTIES XLVII, LLC,          :    Chapter 11 Case No. 09-13959

                                               :

Debtor.                                        :

                                               :

_____           :

CERTIFICATE OF SERVICE

This is to certify that I have served copies of the foregoing *Motion to Establish Compensation Procedures for Professionals* upon the following named parties by placing copies of the same, along with the ECF filing receipt, in the United States mail in properly addressed envelopes with adequate postage affixed thereto:

R. Jeneane Treace, Esq.                Paul Baisier, Esq.
Chapter 11 Trustee                     Seyfarth Shaw, LLP
Office of the United States Trustee    One Peachtree Pointe
75 Spring Street, S.W.                 1545 Peachtree Street NE
Room 362                               Suite 700
Atlanta, Georgia 30303                 Atlanta, Georgia 30309-2401

This 3rd day of November, 2009.

                    STONE & BAXTER, LLP
                    By:
                    /s/ James P. Smith
                    James P. Smith
                    Georgia Bar No. 659775
                    George H. McCallum
                    Georgia Bar No. 481518
                    Fickling & Co. Building, Suite 800
                    577 Mulberry Street
                    Macon, GA 31201
                    (478) 750-9898
                    (478) 750-9899 (Facsimile)
                    Attorneys for the Debtors and Debtors-in-Possession