**IT IS ORDERED as set forth below:**

Date: December 02, 2009

_____
W. H. Drake
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| FOURTH QUARTER PROPERTIES XLVII, LLC, | : Chapter 11 Case No. 09-13959 |
| | : |
| Debtor. | : |
| | : |

## ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS

Upon consideration of the Motion to Establish Compensation Procedures for Professionals ("Motion") filed by Fourth Quarter Properties XLVII, LLC, Debtor and Debtor-In-Possession in the above-captioned case ("Debtor"), for authorization to establish compensation procedures for professionals, and after hearing argument by counsel for the Debtor in support of such Motion and after having considered any comments of the United States Trustee, it appearing that such procedure would aid in the efficient administration of the estate in the above-captioned bankruptcy case, aid the stabilization of the Debtor's cash flow, and be consistent with the interests of the Debtor, creditors and the estates, it is hereby

1

ORDERED as follows:

(1) All professionals employed in these cases, whether upon a time basis, a deposit basis or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with each case in accordance with Section 330 of the Bankruptcy Code.

(2) For services performed after November 2, 2009, the petition date herein, each professional seeking compensation hereunder may submit to Stone & Baxter, LLP, no more frequently than monthly, an invoice for interim compensation, and shall provide copies thereof to the United States Trustee, counsel for any Committee, counsel for Wachovia Bank, and such other parties as the Court may direct. Stone & Baxter, LLP shall also file with each submission it makes hereunder a notice with the Court stating that the Debtor has confirmed to Stone & Baxter, LLP that it is current with its post-petition obligations to creditors.

(3) The parties receiving such fee invoices shall have fifteen (15) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for the Debtor, counsel for any Committee and the United States Trustee specific written objections to payment of any of the time or expenses itemized. Such written objections shall specifically identify the time or expense objected to and shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fifteen (15) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fifteen (15) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of Exhibit "A" attached hereto) and the fees shall be paid by the Debtor (with any professional first looking to any prepetition deposit from the Debtor), subject to the terms of this Order. If a specific written objection to the invoice is timely filed, then, after the expiration of the fifteen (15) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be paid by the Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(5) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fifteen (15) days after the date of each deposit to such professional.

(6) Commencing as of March 2, 2010, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional seeking compensation from the Debtor under this Order shall submit to Stone & Baxter, LLP, applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Within ten (10) days from the date of the receipt of all such

2

applications, Stone & Baxter, LLP shall file the original of all such applications, including its own, with the Clerk of Bankruptcy Court, and shall prepare a consolidated notice of all requests for compensation ("Notice of Compensation") and shall serve a copy of such applications and the Notice of Compensation upon (i) the United States Trustee; (ii) any Committee appointed in this case or its authorized representative, or, if no Committee organizes, the twenty (20) largest creditors filed with the Court in each Case pursuant to Bankruptcy Rule 1007(d); and (iii) counsel Wachovia Bank. Additionally, the Notice of Compensation shall be served in accordance with Bankruptcy Rule 2002(a)(6) and upon any parties who file a request for notice pursuant to Bankruptcy Rule 2002(i) and who serve counsel for the Debtor with a copy of such request; and upon such other parties as the Court may direct;.

(7)   All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be in writing and shall be served upon the professional whose compensation is objected to, and upon Stone & Baxter, LLP, the United States Trustee, and counsel representing any Committee so as to be received no later than five (5) days prior to the date scheduled for any such hearing.

(8)   All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(9)   In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(10)  Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

*(Please see Exhibit A, referenced in Paragraph No. 4, on the following page)*

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| FOURTH QUARTER PROPERTIES XLVII, LLC, | : Chapter 11 Case No. 09-13959 |
| | : |
| Debtor. | : |
| | : |

## CERTIFICATE OF NO OBJECTION

COMES NOW, (x), counsel for (x) in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1. In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered _____, 2009 (the "Compensation Procedures Order"), (x) served a monthly invoice (the "Monthly Fee Statement") on (date) for the period of time beginning (date) and ending (date).

2. (X)'s Monthly Fee Statement was served upon the proper parties pursuant to the Compensation Procedures Order.

3. As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement shall have fifteen (15) days after service of the Monthly Fee Statement to file and serve a written objection. The deadline for objections was (x). (X) has not received any objections to the Monthly Fee Statement and the records of the Court indicate that the Court has received no objection.

4.  In accordance with subparagraph (6) of the Compensation Procedures Order, the Debtor-in-Possession is authorized to pay the fees and expenses submitted by (X) in its Monthly Fee Statement as no objections have been filed within the time permitted by the Compensation Procedures Order.

This _____ day of _____, 2009.

           (FIRM NAME)
           BY:

           /s/_____
           (Name of Person signing pleading)
           Bar No. _____
           (Insert Address)
           (Insert Phone and Fax No.'s)

## END OF DOCUMENT

Order prepared and submitted by:
STONE & BAXTER, LLP
BY:
*/s/ James P. Smith*
James P. Smith
Georgia Bar No.659775
George H. McCallum
Georgia Bar No. 481518
Stone & Baxter, LLP
577 Mulberry St., Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 (Facsimile)


Distribution List

R. Jeneane Treace, Esq.
Chapter 11 Trustee
Office of the United States Trustee
75 Spring Street, S.W.
Room 362
Atlanta, Georgia 30303

Paul Baisier, Esq.
Seyfarth Shaw, LLP
One Peachtree Pointe
1545 Peachtree Street NE
Suite 700
Atlanta, Georgia 30309-2401

20 Largest Unsecured Creditors (Attached)

G:\CLIENTS\Fourth Quarter Properties\First Day Motions\Order.Comp Procedures.XLVII (Final).12.01.09.doc

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Georgia

In re    Fourth Quarter Properties XLVII, LLC    Case No.   09-13959
                                                Chapter    11
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| 3rd Works, LLC<br>5326 Van Dyke Rd<br>Lutz, FL 33558 | 3rd Works, LLC<br>5326 Van Dyke Rd<br>Lutz, FL 33558 | | | 148,392.24 |
| B2 and Company Exponential<br>5449 N. Old Ranch Rd<br>Attn: Beth Bradford<br>Park City, UT 84098 | B2 and Company Exponential<br>5449 N. Old Ranch Rd<br>Attn: Beth Bradford<br>Park City, UT 84098 | | | 410,591.49 |
| Hartman, Simons, Spielman & Wood LLP<br>6400 Powers Ferry Rd, NW<br>Suite 400<br>Atlanta, GA 30339 | Hartman, Simons, Spielman & Wood LLP<br>6400 Powers Ferry Rd, NW<br>Suite 400<br>Atlanta, GA 30339 | | | 167,950.24 |
| HKS, Inc.<br>1919 McKinney Ave<br>Dallas, TX 75201 | HKS, Inc.<br>1919 McKinney Ave<br>Dallas, TX 75201 | | | 132,560.38 |
| IDQ Realty Advisors, Inc.<br>Attn: Ignacias de Quesada<br>PO Box 88338<br>Atlanta, GA 30356 | IDQ Realty Advisors, Inc.<br>Attn: Ignacias de Quesada<br>PO Box 88338<br>Atlanta, GA 30356 | | | 31,890.75 |
| Iris J. Callie Company<br>Attn: Iris J. Callie<br>4600 Via Dolce #317<br>Marina Del Ray, CA 90202 | Iris J. Callie Company<br>Attn: Iris J. Callie<br>4600 Via Dolce #317<br>Marina Del Ray, CA 90202 | Trade Debt | | 25,000.00 |
| Koniver Stern Group, Inc.<br>Attn: Bruce Koniver<br>1565 Washington Ave<br>Miami Beach, FL 33139 | Koniver Stern Group, Inc.<br>Attn: Bruce Koniver<br>1565 Washington Ave<br>Miami Beach, FL 33139 | | | 56,322.00 |
| Lowe Engineers, LLC<br>Attn: Chris Owens<br>2000 Riveredge Pkwy, Ste 400<br>Atlanta, GA 30328 | Lowe Engineers, LLC<br>Attn: Chris Owens<br>2000 Riveredge Pkwy, Ste 400<br>Atlanta, GA 30328 | | | 21,137.35 |
| Redmond Schwartz Mark Design<br>160 Cabrillo<br>San Clemente, CA 92672 | Redmond Schwartz Mark Design<br>160 Cabrillo<br>San Clemente, CA 92672 | | | 61,857.54 |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

B4 (Official Form 4) (12/07) - Cont.

In re   Fourth Quarter Properties XLVII, LLC                     Case No.  **09-13959**
                              Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| SEC Planning, LLC<br>Attn: Matthew Master<br>1755 North Brown Rd<br>Lawrenceville, GA 30043 | SEC Planning, LLC<br>Attn: Matthew Master<br>1755 North Brown Rd<br>Lawrenceville, GA 30043 | | | 39,779.95 |
| Setco Grading, LLC<br>Attn: Amy Bowman<br>50 Ansley Dr.<br>Newnan, GA 30263 | Setco Grading, LLC<br>Attn: Amy Bowman<br>50 Ansley Dr.<br>Newnan, GA 30263 | | | 446,360.13 |
| Specialty Retail Development<br>5500 Interstate North Pkwy<br>Suite 100<br>Atlanta, GA 30328 | Specialty Retail Development<br>5500 Interstate North Pkwy<br>Suite 100<br>Atlanta, GA 30328 | | | 140,805.00 |
| SWA Group<br>Attn: Chuck McDaniel<br>2211 N. Lamar #400<br>Dallas, TX 75202 | SWA Group<br>Attn: Chuck McDaniel<br>2211 N. Lamar #400<br>Dallas, TX 75202 | | | 102,706.91 |
| The McDevitt Company<br>Attn: Lorraine Abney<br>875 N. Michigan Ave, Ste 3100<br>Chicago, IL 60611 | The McDevitt Company<br>Attn: Lorraine Abney<br>875 N. Michigan Ave, Ste 3100<br>Chicago, IL 60611 | | | 44,651.25 |
| The Partnership, Inc.<br>Attn: David Arnold<br>512 Means Street<br>Atlanta, GA 30318 | The Partnership, Inc.<br>Attn: David Arnold<br>512 Means Street<br>Atlanta, GA 30318 | | | 38,881.72 |
| The Shopping Center Group, LLC<br>PO Box 933617<br>Atlanta, GA 31193-3617 | The Shopping Center Group, LLC<br>PO Box 933617<br>Atlanta, GA 31193-3617 | | | 140,940.00 |
| URS Corporation<br>Attn: John Oliver<br>400 Northpark Town Center<br>Atlanta, GA 30328 | URS Corporation<br>Attn: John Oliver<br>400 Northpark Town Center<br>Atlanta, GA 30328 | | | 111,921.72 |
| Vratsinas Construction Co<br>Attn: Jeff Johnson<br>1000 Abernathy Rd., NE, Ste 1130<br>Atlanta, GA 30328 | Vratsinas Construction Co<br>Attn: Jeff Johnson<br>1000 Abernathy Rd., NE, Ste 1130<br>Atlanta, GA 30328 | | | 3,609,465.00 |
| Wakefield Beasley & Assoc<br>Attn: Lamar Wakefield<br>5155 Peachtree Pkwy #300<br>Norcross, GA 30092 | Wakefield Beasley & Assoc<br>Attn: Lamar Wakefield<br>5155 Peachtree Pkwy #300<br>Norcross, GA 30092 | | | 1,276,968.95 |
| Walker Parking Consultants<br>Attn: Victor Iraheta<br>125 Townpark Dr., Ste 375<br>Kennesaw, GA 30114 | Walker Parking Consultants<br>Attn: Victor Iraheta<br>125 Townpark Dr., Ste 375<br>Kennesaw, GA 30114 | | | 29,033.93 |