IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FOURTH QUARTER PROPERTIES XLVII, LLC, | : | Chapter 11 Case No. 09-13959 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION TO AMEND ORDER ESTABLISH COMPENSATION PROCEDURES FOR PROFESSIONALS

COMES NOW, Fourth Quarter Properties XLVII, LLC, Debtor and Debtor-In-Possession and files this motion and respectfully shows this Court as follows:

1. On December 2, 2009 the Court entered its "ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS" (Docket No. 17).

2. The form of this order had been submitted by Debtor's counsel prior to the hearing on the motion requesting such order.

3. At the hearing, the Court heard and sustained objections by the United States Trustee and directed counsel for the Debtor to submit a revised order.

4. Before counsel for the Debtor could submit a revised order, the form of the order to which the United States Trustee had objected was inadvertently entered.

5. Attached hereto as Exhibit "1" is an Amended Order which the Debtor and United States Trustee have agreed contains the changes which the Court required at the hearing on December 2, 2009.

WHEREFORE, Fourth Quarter Properties XLVII, LLC prays that this its motion be inquired into by the Court, that the same be sustained, and that the Court enter the attached Amended Order.

Respectfully submitted, this the 15th day of December, 2009.

                STONE & BAXTER, LLP
                By:
                /s/ James P. Smith
                James P. Smith
                Georgia Bar No. 659775
                George H. McCallum
                Georgia Bar No. 481518
                Fickling & Co. Building, Suite 800
                577 Mulberry Street
                Macon, GA 31201
                (478) 750-9898
                (478) 750-9899 (Facsimile)
                Attorneys for the Debtor and Debtor-in-Possession

G:\CLIENTS\Fourth Quarter Properties\First Day Motions\Mot. to Amend Order Est. Comp. Pro. (XLVII).12.4.09.doc

2

## CERTIFICATE OF SERVICE

This is to certify that I have served copies of the foregoing *Motion to Amend Order Establishing Compensation Procedures for Professionals* upon the following named parties by placing copies of the same in the United States mail in properly addressed envelopes with adequate postage affixed thereto:

R. Jeneane Treace, Esq.  
Office of the United States Trustee  
75 Spring Street, S.W.  
Room 362  
Atlanta, Georgia 30303

Paul Baisier, Esq.  
Seyfarth Shaw, LLP  
One Peachtree Pointe  
1545 Peachtree Street NE  
Suite 700  
Atlanta, Georgia 30309-2401

This 15th day of December, 2009.

STONE & BAXTER, LLP  
By:  
/s/ James P. Smith  
James P. Smith  
Georgia Bar No. 659775  
George H. McCallum  
Georgia Bar No. 481518  
Fickling & Co. Building, Suite 800  
577 Mulberry Street  
Macon, GA 31201  
(478) 750-9898  
(478) 750-9899 (Facsimile)  
Attorneys for the Debtor and  
Debtor-in-Possession

3

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:                                              :
                                                    :
FOURTH QUARTER PROPERTIES XLVII, LLC,   :   Chapter 11 Case No. 09-13959
                                                    :
Debtor.                                             :
                                                    :

## AMENDED ORDER ESTABLISHING COMPENSATION PROCEDURES FOR PROFESSIONALS

Upon consideration of the Motion to Establish Compensation Procedures for Professionals ("Motion") filed by Fourth Quarter Properties XLVII, LLC, Debtor and Debtor-In-Possession in the above-captioned case ("Debtor"), for authorization to establish compensation procedures for professionals, and after hearing argument by counsel for the Debtor in support of such Motion and after having considered any comments of the United States Trustee, it appearing that such procedures would aid in the efficient administration of the estate in the above-captioned bankruptcy case, aid the stabilization of the Debtor's cash flow, and be consistent with the interests of the Debtor, creditors and the estate, it is hereby

1

EXHIBIT " 1 "

ORDERED as follows:

(1) All professionals employed in this cases, whether upon a time basis, a deposit basis or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with each case in accordance with Section 330 of the Bankruptcy Code and the fee application guidelines published by the United States Trustee.

(2) For services performed after November 2, 2009, the petition date herein, each professional seeking compensation hereunder may submit to Stone & Baxter, LLP, no more frequently than monthly, an invoice for interim compensation, and shall provide copies thereof to the United States Trustee, counsel for any Committee, counsel for Wachovia Bank, and such other parties as the Court may direct. Stone & Baxter, LLP shall also state in the Certificate referenced in paragraph (4) below that the Debtor has confirmed to Stone & Baxter, LLP that it is current with its post-petition obligations to creditors, has filed all monthly reports, and has paid all U.S. Trustee fees.

(3) The parties receiving such fee invoices shall have fifteen (15) days from the date of service thereof within which to serve upon the party applying for such compensation, and upon counsel for the Debtor, counsel for any Committee and the United States Trustee an objection to payment of any fees or expenses. Such written objections shall state the reason(s) for such objection. Objections may be served by e-mail or by regular mail, but if served by regular mail, such objection must be received within fifteen (15) days from the date of service of the fee invoices.

(4) If no such written objection to the fee invoice is received within fifteen (15) days of service as stated in paragraph (3) above, then each applicant shall file a Certificate of No Objection with the Court (substantially in the form of Exhibit "A" attached hereto) and the fees shall be paid by the Debtor (with any professional first looking to any prepetition deposit from the Debtor), subject to the terms of this Order. If a specific written objection to the invoice is timely served, then, after the expiration of the fifteen (15) day period after service of the fee invoice(s), the portions of the fee invoice which were not objected to shall be paid by the Debtor. The portion of the fees which were objected to shall not be paid unless and until Order of this Court directs such payment or until such objection is withdrawn.

(5) Each professional appointed in this case shall file supplemental disclosures of any deposit received in accordance with Bankruptcy Rule 2016(b) within fifteen (15) days after the date of each deposit to such professional. There shall be no deposits from the bankruptcy estate without an appropriate order from the Court.

(6) Commencing as of March 2, 2010, for all services performed prior to such date and as of the end of each 120-day period thereafter, each professional who has received compensation from the Debtor under this Order shall submit to Stone &

2

Baxter, LLP, applications for interim compensation in accordance with Section 331 of the Bankruptcy Code. Within ten (10) days from the date of the receipt of all such applications, Stone & Baxter, LLP shall file the original of all such applications, including its own, with the Clerk of Bankruptcy Court, and shall prepare a consolidated notice of all requests for compensation ("Notice of Compensation") and shall serve a copy of such applications and the Notice of Compensation upon (i) the United States Trustee; (ii) any Committee appointed in this case or its authorized representative, or, if no Committee organizes, the twenty (20) largest creditors filed with the Court in each Case pursuant to Bankruptcy Rule 1007(d); and (iii) counsel Wachovia Bank. Additionally, the Notice of Compensation shall be served in accordance with Bankruptcy Rule 2002(a)(6) and upon any parties who file a request for notice pursuant to Bankruptcy Rule 2002(i) and who serve counsel for the Debtor with a copy of such request; and upon such other parties as the Court may direct;.

(7)  All hearings on professional compensation pursuant to such periodic applications shall be scheduled at the same time. Objections by any party-in-interest to any requested compensation shall be in writing and shall be served upon the professional whose compensation is objected to, and upon Stone & Baxter, LLP, the United States Trustee, and counsel representing any Committee so as to be received no later than five (5) days prior to the date scheduled for any such hearing.

(8)  All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

(9)  In the case of any professional compensated other than on a time-billing basis, such professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtor on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

(10)  Interim payments received in accordance with the procedures outlined above may be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not finally approved as interim or final compensation.

*(Please see Exhibit A, referenced in Paragraph No. 4, on the following page)*

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| FOURTH QUARTER PROPERTIES XLVII, LLC, | : Chapter 11 Case No. 09-13959 |
| | : |
| Debtor. | : |
| | : |

## CERTIFICATE OF NO OBJECTION

COMES NOW, (x), counsel for (x) in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1. In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered _____, 2009 (the "Compensation Procedures Order"), (x) served a monthly invoice (the "Monthly Fee Statement") on (date) for the period of time beginning (date) and ending (date).

2. (X)'s Monthly Fee Statement was served upon the proper parties pursuant to the Compensation Procedures Order.

3. As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement was provided fifteen (15) days after service of the Monthly Fee Statement to file and serve a written objection. The deadline for objections was (x). (X) has not received any objections to the Monthly Fee Statement.

4

4. Upon information and belief, the Debtor has paid all post-petition operating expenses.

5. Upon information and belief, Debtor is current with payment of United States Trustee fees.

6. The record shows the Debtor has filed all required monthly reports.

7. The United States Trustee has not notified Debtor's counsel about any deficiencies in the reports.

8. In accordance with subparagraph (6) of the Compensation Procedures Order, the Debtor-in-Possession is authorized to pay the fees and expenses submitted by (X) in its Monthly Fee Statement as no objections have been filed within the time permitted by the Compensation Procedures Order.

This _____ day of _____, 2009.

(FIRM NAME)
BY:

/s/_____
(Name of Person signing pleading)
Bar No. _____
(Insert Address)
(Insert Phone and Fax No.'s)

5

**END OF DOCUMENT**

Order prepared and submitted by:
STONE & BAXTER, LLP
BY:
*/s/ James P. Smith*
James P. Smith
Georgia Bar No.659775
George H. McCallum
Georgia Bar No. 481518
Stone & Baxter, LLP
577 Mulberry St., Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 (Facsimile)


Distribution List

R. Jeneane Treace, Esq.
Office of the United States Trustee
75 Spring Street, S.W.
Room 362
Atlanta, Georgia 30303

Paul Baisier, Esq.
Seyfarth Shaw, LLP
One Peachtree Pointe
1545 Peachtree Street NE
Suite 700
Atlanta, Georgia 30309-2401

20 Largest Unsecured Creditors (Attached)

G:\CLIENTS\Fourth Quarter Properties\First Day Motions\Order.Comp Procedures.XLVII (redline).12.04.09.doc