IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FOURTH QUARTER PROPERTIES XLVII, LLC, | : | Chapter 11 Case No. 09-13959 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION TO EXTEND EXCLUSIVE TIME WITHIN WHICH TO FILE A PLAN AND OBTAIN ACCEPTANCES THEREOF

COMES NOW Fourth Quarter Properties XLVII, LLC, Debtor and Debtor-in-Possession (collectively "Debtor") and files this motion and respectfully show as follows:

1.

On November 2, 2009, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.

The Debtor continues in possession of its property and is now operating its business and managing its property as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.

This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §§ 1334 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.

Pursuant to 11 U.S.C. §§ 1121(b) and (c)(3), the exclusive time within which the Debtor may file a plan and obtain acceptances thereof expires on March 3, 2010 and May 3, 2010, respectively.

5.

Pursuant to 11 U.S.C. § 1121(d)(1), the Court may extend these deadlines for "cause" after notice and a hearing.

6.

Pursuant to this motion, the Debtor is asking the Court to enter an order extending the exclusive time within which the Debtor may file a plan and obtain acceptances thereof to and including May 3, 2010 and July 2, 2010, respectively.

7.

As the Court stated in the case of In re Friedman's, Inc., 336 B.R. 884, 887-888 (Bankr. S.D. Ga. 2005):

> Debtors bear the burden of proving that cause exists to extend the period for filing a plan of reorganization and for obtaining acceptances. (Citation omitted).
>
> Although 'cause' is not defined in the Code, courts have developed and adopted the following non-exclusive lists of factors to determine whether cause exists to extend the exclusivity period:
>
> 1) the size and complexity of the case;
>
> 2) the necessity of sufficient time to negotiate and prepare adequate information;
>
> 3) the existence of good faith progress toward reorganization;
>
> 4) whether the debtor is paying its debts as they come due;
>
> 5) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> 6) whether the debtor has made progress negotiating with creditors;
>
> 7) the length of time the case has been pending;

2

8) whether the debtor is seeking an extension to pressure creditors; and

9) whether unresolved contingencies exist.

See also, Matter of Homestead Partners, Ltd., 197 B.R. 706 (Bankr. N.D. Ga. 1996) (wherein this Court held that "cause" could be shown where the debtor had made substantial progress toward gaining acceptance of its plan, when recalcitrant creditors posed a hurdle to develop a plan and where complex legal issues were present). As established below, many of these factors weigh in favor of granting the requested extension.

8.

Although this is not a complex case, the amount of debt is significant, with the schedules reflecting secured claims in the amount of $68,081,270.00, priority claims at $733,397.49 and unsecured claims at $2,973,854.00.

9.

Debtor's principal asset is a partially developed tract of real property containing approximately 104.452 acres in Fulton County, Georgia, known as Prospect Park. Wachovia Bank, N.A. ("Wachovia") holds the first lien on this property in the amount of approximately $63,455,000.00

10.

Although a creditors' committee was appointed in this case, it has not organized.

11.

Since January, 2010, Wachovia and the Debtor have engaged in substantial plan negotiations regarding the treatment of Wachovia's claim and the claims of other creditors in the case.

12.

Once these negotiations are completed, Debtor and its owner, Stan Thomas, will need time to complete arrangements for funding, as well as determine the mechanism by which the funding will be provided, such as a new loan to the Debtor or an investor in the Debtor.

13.

In order to give Debtor sufficient time to complete negotiations, finalize its funding source and mechanism, Debtor needs an additional sixty (60) days within which it has the exclusive right to file a plan.

14.

Debtor is incurring no post-petition debt. This is the first extension of time which Debtor has sought.

15.

Debtor makes this request in good faith and not as an attempt to pressure creditors.

16.

Debtor is authorized to advise the Court that Wachovia does not object to the requested extension.

WHEREFORE, Debtor prays that this its motion be inquired into by the Court, that the same be sustained and that it have such other and further relief as is just and proper.

This 17th day of February, 2010.

        STONE & BAXTER, LLP
        By:

        /s/ James P. Smith
        James P. Smith
        Georgia Bar No.659775
        Austin E. Carter
        Georgia Bar No. 113695
        Fickling & Co. Building, Suite 800
        577 Mulberry Street
        Macon, GA 31201
        (478) 750-9898
        (478) 750-9899 (Facsimile)
        Counsel for Debtor and Debtor-in-Possession

G:\CLIENTS\Fourth Quarter Properties\FQP XLVII\Mot. to Extend Exclusive Time to File Plan.2.16.10.doc