## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 09-13959-whd** |
| | ) | |
| **FOURTH QUARTER PROPERTIES XLVII, LLC,** | ) | **CHAPTER 11** |
| | ) | |
| | ) | |
| Debtor. | ) | |
| ———————————————————— | ) | |
| | ) | |
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **Contested Matter** |
| | ) | |
| **FOURTH QUARTER PROPERTIES XLVII, LLC,** | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————————— | ) | |

## MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

COMES NOW Wachovia Bank, National Association ("Wachovia"), pursuant to Section 362(d) of Title 11, United States Code (the "Bankruptcy Code"), and moves this Court for an order granting it relief from the automatic stay to exercise its rights and remedies because (1) the debtor and debtor and possession herein, Fourth Quarter Properties XLVII, LLC, (the "Debtor"), is unable to provide Wachovia with adequate protection of its interest in the property of the Debtor, and (2) the Debtor has no equity in the property of the Debtor in which Wachovia has an interest and such property is not necessary for an effective reorganization of the Debtor (the "Motion").  In support of its Motion, Wachovia respectfully states as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On November 2, 2009 (the "Petition Date"), the Debtor filed its Chapter 11 bankruptcy petition in this Court.  No trustee has been appointed in this case, and the Debtor remains in possession.

2.    The Debtor's primary asset consists of approximately 104 acres of undeveloped real property situated in Fulton County, Georgia.

3.    In June 2005, Wachovia made a secured loan (the "Loan") to the Debtor secured by the Property pursuant to that certain Loan Agreement, dated June 3, 2005.  A true and correct copy of the Loan Agreement is attached hereto as Exhibit "A".[1]

4.    Pursuant to the Loan Agreement, the Debtor made in favor of Wachovia (i) that certain Promissory Note, dated June 3, 2005, in the original principal amount of $35,000,000.00 (as amended or otherwise modified through the Petition Date, the "First Note"), and (ii) that certain Promissory Note, dated February 1, 2008, in the original principal amount of $25,000,000 (as amended or otherwise modified through the Petition Date, the "Second Note"; the Second Note, together with the First Note, are referred to herein collectively as the "Notes").  The First Note was amended pursuant to that certain Note Modification Agreement (the "NMA"), dated September 10, 2007, by and between the Debtor, Wachovia and Stanley E. Thomas.  True and correct copies of the Notes and the NMA are attached hereto as Composite Exhibit "B".

5.    The Notes are secured by certain real and personal property owned by the Debtor, including primarily the aforementioned 104 acres of real property (such real and personal property, as described in more detail in the Security Deed and the Assignment, is referred to

---

[1]    Exhibits are included in the filed copy of this Motion, and in the service copies of the Debtor , the United States Trustee and the entities appointed to the Committee of Creditors Holding Unsecured Claims, as required by Federal Rule of Bankruptcy Procedure 4001(a).  Exhibits will be provided, upon request to the undersigned, to any other party served with this Motion.

herein as the "Property") pursuant to (i) that certain Deed to Secure Debt, Assignment of Rents and Security Agreement (as amended and otherwise modified to date, the "Security Deed"), dated June 3, 2005, made by the Debtor in favor of Wachovia and recorded at Book 40170, beginning at Page 505, Fulton County, Georgia records, and (ii) that certain Assignment of Rents and Leases (as amended and modified to date, the "Assignment"), dated June 3, 2005, made by the Debtor in favor of Wachovia and recorded at  Book 40170, beginning at Page 536, Fulton County, Georgia, records.  The Security Deed and the Assignment were amended pursuant to that certain Amendment Deed to Secure Debt, Assignment of Rents and Security Agreement and Assignment of Leases and Other Loan Documents (the "SD Amendment"), dated February 1, 2008, made by the Debtor, Wachovia and Stanley E. Thomas in connection with the issuance of the Second Note.  The SD Amendment was recorded at  Book 46292, beginning at Page 123, Fulton County, Georgia, records.

6.     Pursuant to the Security Deed and the Assignment, the Debtor (a) granted to Wachovia a security title and security interest in and to the Property, and (ii) assigned to Wachovia all of its right, title and interest in and to all leases, subleases, licenses or occupancy agreements of any portion of the Property and the rents, issues and profits and other sums arising therefrom.  True and correct copies of the Security Deed, the SD Amendment and the Assignment are attached hereto as Exhibit "C", Exhibit "D" and Exhibit "E", respectively.  The Notes, the Loan Agreement, the Security Deed, the Assignment and all other documents, instruments and agreements evidencing, securing or relating to the Loan, as amended and modified by the parties to the Petition Date, are hereinafter collectively referred to as the "Loan Documents").

3

7.      The Notes matured, and the Loan came due, on September 10, 2008.  The Debtor did not pay the Loan in full at maturity.  Such failure is an Event of Default under the Loan Documents.  Such Event of Default continues to exist under the Loan Documents as of the Petition Date.

8.      As a result of the Debtor's aforementioned Event of Default, Wachovia advertised the Property for a November 3, 2009 foreclosure sale.  On November 2, 2009, the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

9.      On the Petition Date, the Debtor was obligated to Wachovia under the Notes, the Loan Agreement, the Security Deed, the Assignment and the other Loan Documents for principal and accrued interest (exclusive of any other amounts due and owing under the Notes, the Loan Agreement, the Security Deed, the Assignment and the other Loan Documents) in the amount of $64,331,234.04.[2]

10.      On information and belief, the Property (i) is not worth more than $40 million, and (ii) is declining in value.

## II.    ARGUMENT

11.      Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

(d)      On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)  with respect to a stay of an act against property under subsection (a) of this section, if –

(A)  the debtor does not have an equity in such property; and

---

[2]      The Debtor has listed this claim on Schedule A at approximately $63.4 million.  The Debtor has since stipulated to the $64,331,234.04 figure.

(B)  such property is not necessary to an effective reorganization;

12.    Wachovia is entitled to relief from the automatic stay under both Section

362(d)(1) and Section 362(d)(2) of the Bankruptcy Code.

**A.    Wachovia Is Entitled to Relief from Stay Because the Debtor Cannot Provide Adequate Protection of Wachovia's Interest in the Property.**

13.    On information and belief, the Property is decreasing in value.

14.    The Debtor has not provided to Wachovia, and has not offered to provide to

Wachovia, any adequate protection for the ongoing decrease in the value of  the Property.

15.    As a result of the foregoing failure of adequate protection of Wachovia's interest

in the Property, Wachovia is entitled to relief from the automatic stay pursuant to Section

362(d)(1) of the Bankruptcy Code.

**B.    Wachovia Is Entitled to Relief from Stay Because the Debtor Has No Equity in the Property and the Property Is Not Necessary for an Effective Reorganization of the Debtor.**

16.    On the Petition Date, the Debtor was obligated to Wachovia under the Notes, the

Loan Agreement, the Security Deed, the Assignment and the other Loan Documents for principal

and accrued interest (exclusive of any other amounts due and owing under the Notes, the Loan

Agreement, the Security Deed, the Assignment and the other Loan Documents) in an amount in

excess of $64 million.

17.    On information and belief, the Property is, and was on the Petition Date, not

worth more than $40 million.  As a result, the Debtor has no equity in the Property, and in fact

there is a substantial deficiency.

18.    The Property is not necessary to an effective reorganization of the Debtor because

there is not a reasonable possibility that the Debtor will be able to confirm a plan in this case

within a reasonable time.  See United Savings Association of Texas v. Timbers of Inwood Forest

<u>Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)</u>, 484 U.S. 365, 108 S. Ct. 626

(1988).

19.    As a result of the foregoing, Wachovia is entitled to relief from the automatic stay

pursuant to Section 362(d)(2) of the Bankruptcy Code.

**No Stay**

20.    Wachovia requests that the Court order that the stay pursuant to Federal Rule of

Bankruptcy Procedure 4001(a)(3) not be applicable to its order granting the requested relief.

WHEREFORE, Wachovia respectfully requests that the Court:

(a)    Grant the Motion;

(b)    Enter an order granting Wachovia immediate relief from the automatic stay
pursuant to 11 U.S.C. § 362(d) to permit Wachovia to exercise its rights and
remedies under the Notes, the Loan Agreement, the Security Deed, the
Assignment and the other Loan Documents and applicable law including, without
limitation, foreclosing on the Property, confirming the foreclosure sale under state
law, and seeking the appointment of a receiver pending foreclosure;

(c)    order that the stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3)
not be applicable to its order; and

(d)    Grant to Wachovia such other relief as the Court deems just and proper.

This 4th day of March, 2010.

SEYFARTH SHAW LLP


/s/ Paul Baisier_____
Paul Baisier
Georgia Bar No. 032825
Shuman Sohrn
Georgia Bar No. 143104

1545 Peachtree Street, N.E., Suite 700
Atlanta, GA  30309-2401
404-885-1500 (Phone)
404-892-7056 (Facsimile)         *Attorneys for Wachovia Bank, National Association*

6

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served upon all parties listed below a copy of the foregoing MOTION FOR RELIEF FROM AUTOMATIC STAY (without Exhibits unless otherwise indicated) by causing a true and correct copy of same to be deposited in the United States Mail with sufficient postage affixed thereto, addressed as follows:

| | | |
|---|---|---|
| Austin Carter<br>Stone & Baxter, LLP<br>Fickling & Co. Building, Suite 800<br>577 Mulberry Street<br>Macon, GA 31201-2728<br>(**w Exhibits**) | Fourth Quarter Properties XLVII, LLC<br>45 Ansley Drive<br>Newnan, GA 30263-7107<br>(**with Exhibits**) | Office of the US Trustee<br>Suite 362<br>75 Spring Street, SW<br>Atlanta, GA 30303<br>(**with Exhibits**) |
| | 3rd Works, LLC<br>5326 Van Dyke Road<br>Lutz, FL 33558-4829 | Ahlberg Engineering, Inc.<br>Attn: Jim Ahlberg<br>525 Webb Industrial Drive, Suite A<br>Marietta, GA 30062 |
| American Arbitration Association<br>2200 Century Parkway<br>Suite 300<br>Atlanta, GA 30345-3126 | B2 and Company Exponential<br>5440 N. Old Road<br>Attn: Beth Bradford<br>Park City, UT 84098-6321 | Bounce/David Arnold<br>512 Means Street<br>Atlanta, GA 30318-5798 |
| Capital Properties Group, LLC<br>Attn: Ed Lee<br>3801 Parian Ridge Road, NW<br>Atlanta, GA 30327-3027 | City of Alpharetta<br>Attn: Lynn Pierson<br>287 South Main St<br>Alpharetta, GA 30009-1937 | Cushing, Morris, Armbruster & Montgomery<br>191 Peachtree Street NE<br>Suite 4500<br>Atlanta, GA 30303-1756 |
| Fulton County Tax Commissioner<br>Attn: Arthur E. Ferdinand<br>P.O. Box 105052<br>Atlanta, GA 30348-5052 | Geosurvey, Ltd.<br>Attn: Tenton Turk<br>1170 Atlanta Industrial Drive<br>Marietta, GA 30066-6603 | HKS, Inc.<br>1919 McKinney Avenue<br>Dallas, TX 75201-1768 |
| Hartman, Simons, Spielman & Wood LLP<br>6400 Powers Ferry Road, NW<br>Suite 400<br>Atlanta, GA 30339-2986 | Herschman Architects, Inc.<br>25001 Emery Road<br>Suite 400<br>Cleveland, OH 44128-5627 | IDQ Realty Advisors, Inc.<br>Attn: Ignacias de Quesada<br>PO Box 88338<br>Atlanta, GA 30356-8338 |
| Iris J. Callie Company<br>Attn: Iris J. Callie<br>4600 Via Dolce #317<br>Marina Del Ray, CA 90292-6779 | Johnson & Bryan<br>1545 Northside Drive, NW<br>Suite 100<br>Atlanta, GA 30318-4235 | Jones Design Group, Inc.<br>342 Marietta Street<br>Suite 3<br>Atlanta, GA 30313-1644 |
| Koniver Stern Group, Inc.<br>Attn: Bruce Koniver<br>1565 Washington Ave<br>Miami Beach, FL 33139 | Lowe Engineers, LLC<br>Attn: Chris Owens<br>2000 Riveredge Pkwy, Suite 400<br>Atlanta, GA 30328-4618 | Newnan Blue Print<br>167 Millard Farmer Ind. Blvd.<br>Newnan, GA 30263-1132 |
| Pac-Van, Inc.<br>2995 S. Harding Street<br>Indianapolis, IN 46225-2264 | Prudential Georgia Realty<br>11525 Haynes Bridge Rd; Suite 200<br>Alpharetta, GA 30009-4822 | Redmond Schwartz Mark Design<br>160 Cabrillo<br>San Clemente, CA 92672 |

| | | |
|---|---|---|
| Rolader & Rolader<br>11660 Alpharetta Highway<br>Suite 630<br>Roswell, GA 30076-3891 | SEC Planning, LLC<br>Attn:  Matthew Master<br>1755 North Brown Road<br>Lawrenceville, GA 30043-8198 | SWA Group<br>Attn:  Chuck McDaniel<br>2211 N. Lamar #400<br>Dallas, TX 75202-1080 |
| Setco Grading, LLC<br>Attn:  Amy Bowman<br>50 Ansley Drive<br>Newnan, GA 30263-7107 | Showcase, Inc.<br>3470 Parsons Run<br>Suwanee, GA 30024-1094 | Specialty Retail Development<br>5500 Interstate North Pkwy<br>Suite 100<br>Atlanta, GA 30328-4662 |
| Stanley E. Thomas<br>45 Ansley<br>Newnan, GA 30263-7107 | TS Worldwide LLC<br>201 Linden Street<br>Suite 301<br>Fort Collins, CO 80524-4431 | The McDevitt Company<br>Attn:  Lorraine Abney<br>875 N. Michigan Avenue<br>Suite 3100<br>Chicago, IL 60611-1962 |
| The Partnership, Inc.<br>Attn:  David Arnold<br>512 Means Street<br>Atlanta, GA 30318-5798 | The Shopping Center Group, LLC<br>PO Box 933617<br>Atlanta, GA 31193-3617 | URS Corporation<br>Attn:  John Oliver<br>400 Northpark Town Center<br>Atlanta, GA 30328 |
| Vratsinas Construction Co.<br>Attn:  Jeff Johnson<br>1000 Abernathy Road, NE<br>Suite 1130<br>Atlanta, GA 30328-5652<br>(**w/ Exhibits**) | SEC Planning, LLC<br>Attn: Peter Verdicchio<br>12357 Riata Trace Parkway<br>Suite A205<br>Austin, TX  78727<br>(**w/ Exhibits**) | Wakefield Beasley & Associates<br>Attn:  Lamar Wakefield<br>5155 Peachtree Pkwy #300<br>Norcross, GA 30092-2526 |
| Walker Parking Consultants<br>Attn:  Victor Iraheta<br>125 Townpark Drive<br>Suite 375<br>Kennesaw, GA 30144-3703 | Willis Inc. Service of GA<br>1 Glenlake Pkwy, 11th Floor<br>Atlanta, GA 30328-3496 | J. Carole Thompson Hord<br>Schreeder, Wheeler & Flint, LLP<br>1100 Peachtree Street NE<br>Suite 800<br>Atlanta, GA  30309 |
| | C. Sam Thomas<br>Christina A. Craddock<br>Bovis, Kyle & Burch, LLC<br>200 Ashford Center North<br>Suite 500<br>Atlanta, GA  30338-2668 | The Shopping Center Group, LLC<br>Attn: Marc Weinberg<br>300 Galleria Parkway<br>12th Floor<br>Atlanta, GA  30339<br>(**w/ Exhibits**) |

This 4th day of March, 2010.


/s/ Paul Baisier
Paul Baisier

12161704v.1