**IT IS ORDERED as set forth below:**

Date: March 29, 2010

_____
**W. H. Drake
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br><br>FOURTH QUARTER PROPERTIES XLVII, LLC,<br><br>Debtor. | :<br>:<br>:<br>: Chapter 11 Case No. 09-13959-WHD<br>:<br>:<br>: |

**ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF COMPROMISE
AND SETTLEMENT WITH WELLS FARGO BANK, NATIONAL ASSOCIATION**

This matter is before the Court on the "Motion of Debtor to Approve Settlement Agreement with Wells Fargo Bank, National Association for Relief From Automatic Stay" (the "Settlement Motion"), filed by Fourth Quarter Properties XLVII, LLC ("Debtor") on March 4, 2010 (Dkt. 54). In the Settlement Motion, the Debtor seeks an Order from the Court (1) approving a Loan Resolution Agreement and Release, dated March 3, 2010 (the "Settlement Agreement"), by and between the Debtor, Wells Fargo Bank, N.A., as successor-by-merger to Wachovia Bank, National Association ("Wells Fargo") and Stanley E. Thomas, the principal of

the Debtor, and (2) authorizing the Debtor to enter into and perform its obligations under the Settlement Agreement.

In connection with the Settlement Motion, the Court on March 5, 2010 entered that certain "Order and Notice of Assignment of Hearing" (Dkt. 56) (the "Order and Notice"), in which Order and Notice this Court, inter alia, set a hearing on the Settlement Motion for March 25, 2010 at 2:00 p.m. in Newnan, Georgia (the "Hearing").

Upon the Court's review of the Settlement Motion and all the pleadings and documents filed in connection with the Settlement Motion, including the Order and Notice and the Settlement Agreement, and the certificates of service filed by Debtor with regard to the Settlement Motion and the Order and Notice; and the Court having considered all the evidence, argument, proffers and other evidenced adduced or presented at the Hearing, including the representations of counsel for Debtor, counsel for Wells Fargo and counsel for other parties in interest; and the Court having noted the appearances of all parties in interest present at the Hearing and in the record of the Court; and there being no objections to the Settlement Motion, whether filed with the Court or asserted at the Hearing; and after due consideration and deliberation, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to 11 U.S.C. §§ 105, 362 and 363 and Rules 4001(d) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as follows:

1. Notice. Due and proper notice of the Settlement Motion, the relief requested therein, the settlement embodied in the Settlement Agreement, the Hearing and the relief granted in this Order has been given to all parties entitled to same pursuant to Bankruptcy Rules 4001(d) and 9019 and any and all other applicable laws and rules. No other or further notice of the

2

Settlement Motion, the relief requested therein, the settlement embodied in the Settlement Agreement, the Hearing or the relief granted herein is necessary or appropriate.

2. <u>Good Cause.</u>  There is good and sufficient cause for the relief sought in the Settlement Motion and granted herein.

3. <u>Business Judgment; Good Faith.</u>  Debtor has exercised sound business judgment in deciding to enter into the Settlement Agreement.  The parties to the Settlement Agreement negotiated at arm's length, in good faith, and without collusion, and the terms of the Settlement Agreement are fair, just and reasonable.

4. <u>Wells Fargo's Claim and Security Interest/Title.</u>  As of November 2, 2009 (the "<u>Petition Date</u>"), Wells Fargo was owed $64,331,234.04 in principal and interest by Debtor, which obligation is acknowledged and agreed to by Debtor.  To secure that indebtedness, Wells Fargo held on the Petition Date, and holds as of the date hereof, a properly perfected, unavoidable, first priority security interest in and security title to substantially all of the assets of Debtor including, without limitation, the approximately 104 acres of real property owned by the Debtor located in Fulton County, Georgia (the "<u>Property</u>").  Wells Fargo's claim for principal and interest as described above and as set forth in its Amended Proof of Claim filed in this case on March 12, 2010, is hereby finally allowed in the amount set forth above, and shall not be subject to further objection of any kind by any party.  Wells Fargo's security interest and security title in and to the assets of Debtor, including the Property, is valid, perfected, first priority security interest not subject to avoidance or further objection.  Should the Shortpay Payment (as defined in the Settlement Agreement) be made under the terms of the Settlement Agreement, Wells Fargo's secured claim in this case shall be equal to $40 million and shall be satisfied by such payment; otherwise, the division of Wells Fargo's claim between secured and unsecured

3

claims, as determined by the value of its collateral pursuant to 11 U.S.C. §506(a), is not determined hereby.

5.  <u>Settlement Motion is Granted.</u>  The Settlement Motion is granted as set forth herein.  In evaluating the Settlement Agreement, the Court applied the factors set forth in <u>Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)</u>, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990).  Pursuant to <u>Justice Oaks</u>, the Court considered: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors. 898 F.2d at 1549.  After analyzing these factors, the Court finds that the Settlement Agreement was negotiated in good faith and is reasonable, fair, equitable, and in the best interests of Debtor's estate.  Further, the Settlement Agreement will facilitate the orderly liquidation of the assets of Debtor and the orderly windup of Debtor's affairs.

6.  In addition, in light of (a) the economic circumstances of Debtor, (b) the fact that Debtor could not sell its properties for less than the amount owed to Wells Fargo (as permitted in the Settlement Agreement) without the agreement of Wells Fargo, and could not do so without incurring a substantial deficiency absent Wells Fargo's agreement (c) the fact that the claims and security interests and security titles of Wells Fargo are in all respects valid and enforceable, and (d) the fact that Wells Fargo has a substantial likelihood to obtain relief from the automatic stay in this case in absence of the Settlement Agreement because (i) the Debtor's assets are worth less than the amount of its undisputed debt to Wells Fargo, and (ii) the Debtor does not have sufficient funds or other property with which to provide Wells Fargo with adequate protection for Wells Fargo's interests in the Debtor's assets, the Court finds that the Settlement Agreement

satisfies the <u>Justice Oaks</u> factors and is in the best interests of Debtor, its estate and its creditors. Accordingly, Debtor and its officers, employees, agents and counsel are hereby authorized to execute and deliver the Settlement Agreement and such other documents, instruments and agreements, and to do and perform such acts and actions, as are necessary or desirable to carry out the transactions contemplated by the Settlement Agreement.

7. <u>Relief From Stay</u>.  Wells Fargo is hereby granted, effective as of the date that same is agreed to occur pursuant to Paragraph 2(e) of the Settlement Agreement, and without further notice or order of any kind, full, complete, irrevocable and unconditional relief from the automatic stay imposed by 11 U.S.C. §362 so that Wells Fargo may pursue any and all of its rights and remedies under the Notes, the Security Deed, the Assignment and the other Loan Documents (all as defined in the Settlement Agreement) including, without limitation, the nonjudicial foreclosure on any or all of the assets of the Debtor (including, without limitation, the Property), the confirmation under state law of such foreclosure sale, and the obtaining of a receiver for the Property pending foreclosure.

8. <u>Release</u>.  The release in Section 5 of the Settlement Agreement is hereby specifically approved.

9. <u>Binding Nature</u>.  The terms and provisions of the Settlement Agreement, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, (i) the Debtor and its estate, (ii) Wells Fargo, (iii) the creditors of the Debtor, and (iv) all of their respective successors-in-interest and assigns.

10. <u>Not All Inclusive</u>.  The failure specifically to include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such

5

provision, it being the intent of the Court that the Settlement Agreement be authorized and approved in its entirety.

11.     <u>No Stay; Order Effective Immediately</u>.  No stay of any kind shall be applicable to this Order, including, without limitation, any stay provided for in any subdivision of Federal Rule of Bankruptcy Procedure 4001.  This Order shall be effective and enforceable immediately upon entry.

12.     <u>Findings and Conclusions</u>.  The Court's findings of fact and conclusions of law set forth herein satisfy the requirements of Fed. R. Civ. P. 52 applicable herein by reason of Bankruptcy Rule 9014.  Any findings or conclusions read into the record by the Court at the Hearing that are not expressly set forth in this Order are hereby fully incorporated as if the same were set forth herein.

13.     <u>Jurisdiction and Enforcement.</u>  The Court shall retain jurisdiction to enforce this Order and to decide any dispute arising between or among Debtor, Wells Fargo, or Stan Thomas and/or any other party to this case arising out of or related to this Order, the Settlement Agreement and/or the transactions contemplated by the Settlement Agreement.

**END OF DOCUMENT**

Prepared by:

/s/ Austin E. Carter
Austin E. Carter
Georgia Bar No. 113695
Stone & Baxter, LLP
577 Mulberry St., Suite 800
Macon, GA 31201
(478) 750-9898
(478) 750-9899 (Facsimile)

Distribution List

R. Jeneane Treace, Esq.
Office of the United States Trustee
75 Spring Street, S.W.
Room 362
Atlanta, Georgia 30303

Paul Baisier, Esq.
Shuman Sohrn, Esq.
One Peachtree Pointe
1545 Peachtree Street NE, Suite 700
Atlanta, Georgia 30309-2401

Wells Fargo Bank, N.A.,
as successor-by-merger to Wachovia Bank,
National Association
Attn: Mr. Mark Hausman
171 17th St., N.W., 6th Floor
MC GA4506
Atlanta, GA  30363-1032

Austin E. Carter, Esq.
Jerome L. Kaplan, Esq.
Stone & Baxter, LLP
577 Mulberry St., Suite 800
Macon, GA  31201

Fourth Quarter Properties XLVII, LLC
45 Ansley Drive
Newnan, GA  30263