**IT IS ORDERED as set forth below:**

Date: April 26, 2010

_____
W. H. Drake
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br><br>FOURTH QUARTER PROPERTIES XLVII, LLC,<br><br>Debtor. | :<br>:<br>: Chapter 11 Case No. 09-13959-WHD<br>:<br>:<br>: |

**ORDER GRANTING IN PART DEBTOR'S MOTION
FOR APPROVAL OF PROJECT FUNDING AND CONSTRUCTION AGREEMENT**

This matter is before the Court on the "Motion for Approval of Project Funding and Construction Agreement" (the "Motion"), filed by Fourth Quarter Properties XLVII, LLC (the "Debtor") on April 5, 2010 (Dkt. 65). In the Motion, the Debtor seeks an Order from the Court (1) approving certain aspects of a "Project Funding and Construction Agreement", dated April 1, 2010 (the "Funding Agreement"), by and between the Debtor and Semtech Holdings Co., Ltd. ("Semtech"), and (2) authorizing the Debtor to enter into and perform certain of its obligations under the Funding Agreement.

In connection with the Motion, the Court on April 6, 2010, entered that certain "Order and Notice of Assignment of Hearing" (Dkt. 69) (the "Order and Notice"), in which Order and

Notice this Court, <u>inter alia</u>, set a hearing on the Motion for April 23, 2010 at 11:00 a.m. in Newnan, Georgia (the "<u>Hearing</u>").

 Upon the Court's review of the Motion and all the pleadings and documents filed in connection with the Motion, including the Order and Notice and the Funding Agreement, and the certificates of service filed by the Debtor with regard to the Motion and the Order and Notice; and the Court having considered all the evidence, argument, proffers and other evidenced adduced or presented at the Hearing, including the representations of counsel for the Debtor, counsel for Wells Fargo Bank. N.A. ("<u>Wells Fargo</u>"), successor by merger to Wachovia Bank, National Association, counsel for the Office of the United States Trustee, and counsel for other parties in interest; and the Court having noted the appearances of all parties in interest present at the Hearing and in the record of the Court; and there being no objection to the Motion, whether filed before or after the deadline for objections established in the Order and Notice or asserted at the Hearing, other than certain concerns of Wells Fargo that are addressed in this Order[1]; and after due consideration and deliberation, and good and sufficient cause appearing therefor;

 IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to 11 U.S.C. §§ 363 and 364(c) and Rules 4001 and 2002(a)(2) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), as follows:

 1. <u>Notice.</u>  Due and proper notice of the Motion, the relief requested therein, the agreement embodied in the Funding Agreement, the Hearing and the relief granted in this Order has been given to all parties entitled to same pursuant to Bankruptcy Rules 4001 and 2002(a)(2) and any and all other applicable laws and rules.  No other or further notice of the Motion, the relief requested therein, the Funding Agreement, the Hearing or the relief granted herein is necessary or appropriate.

 2. <u>Good Cause.</u>  There is good and sufficient cause for the relief sought in the Motion and granted herein.

 3. <u>Business Judgment; Good Faith; Best Interests.</u>  The Debtor has exercised sound business judgment in deciding to enter into the Funding Agreement.  The parties to the Funding

---

[1]  Wells Fargo consents to the relief granted herein.  Wells Fargo does so without any admission that the Funding Agreement meets the requirements of a "Funding Agreement" under the terms of the Settlement Agreement, or that the Funding Agreement is unconditional in its present form.

Agreement negotiated at arm's length, in good faith, and without collusion. The Funding Agreement, to the extent approved herein, is in the best interests of the Debtor, its estate, and its creditors.

4. <u>Motion is Granted In Part.</u>  The Motion is granted in part, to the extent set forth herein.[2]

5. <u>The Debtor Authorized to Obtain First Tranche of Proposed Financing Only</u>.  The Debtor is hereby authorized to obtain the first $100,000,000.00 tranche of the financing to be made available to the Debtor by Semtech and the Lender Bank (as defined in the Funding Agreement), so long as same is closed and funded[3] no later than June 1, 2010 (such transaction, if timely closed and sufficiently funded, the "<u>Authorized Transaction</u>"), and so long as the proceeds are used as provided herein. The Debtor is not authorized to enter into or perform under the Authorized Transaction unless same is closed and the Shortpay Payment (as defined in the Loan Resolution Agreement and Release (the "<u>Settlement Agreement</u>"), dated March 3, 2010, by and between the Debtor, Wells Fargo and Stanley E. Thomas[4]) and the Claims Deposit (as defined in the Settlement Agreement) are fully funded on or prior to June 1, 2010. The Debtor is not authorized to obtain any of the other financing provided for in the Funding Agreement, or perform any of its other obligations under the Funding Agreement, other than those directly related to and necessary for the closing of the Authorized Transaction.

6. <u>Use of Proceeds of Authorized Transaction</u>.  The proceeds of the Authorized Transaction shall be used first to pay the Shortpay Payment and the Claims Deposit. The Debtor is hereby authorized and directed to use the proceeds of the Authorized Transaction, or any other lending under the Funding Agreement, to first pay the Shortpay Payment and the Claims Deposit timely, in full and in immediately available good funds. The Debtor is not authorized to use any

---

[2] Any request in the Motion for the approval of the remainder of the Funding Agreement is denied without prejudice. The Court understands that it is the expectation of the Debtor that after the Shortpay Payment and the Claims Deposit have been timely funded under the Settlement Agreement, the Debtor may again seek approval to proceed with the remainder of the Funding Agreement.

[3] The first tranche must be sufficiently funded to pay the Shortpay Payment and the Claims Deposit in full at closing.

[4] The Settlement Agreement was previously approved by Order of this Court dated March 29, 2010 (Dkt. 62).

of the other proceeds of the Authorized Transaction unless and until the Shortpay Payment and the Claims Deposit have been paid timely (under the terms of the Settlement Agreement), in full and in immediately available good funds.

7.   Security Deed.  In connection with obtaining the financing under the Authorized Transaction, the Debtor is authorized to provide to Semtech a security deed on the real property owned by the Debtor (the "Property"), provided that (i) such security deed shall not prime, come ahead of, be of equal priority to, or be *pari passu* with, any existing lien, security interest or security deed on the Property that is presently in existence (including that of Wells Fargo),[5] and (ii) such security deed in favor of Semtech shall not be executed, delivered or recorded until such time as Wells Fargo shall have received the Shortpay Payment in full in immediately available good funds and shall have released its security deed as required by law.

8.   Joint Venture Documents.  The Funding Agreement provides for a joint venture between the Debtor and Semtech.  No such joint venture shall be entered into, or be effective, prior to   (i) June 1, 2010, and (ii) the Authorized Transaction having been fully funded and the Shortpay Payment and the Claims Deposit have been paid timely (under the terms of the Settlement Agreement), in full and in immediately available good funds.  The Property may not be conveyed by the Debtor to any such joint venture unless the Shortpay Payment and the Claims Deposit have been funded timely (under the terms of the Settlement Agreement), in full and in immediately available good funds.

9.   Authorization to Execute Documents.  The Debtor and its officers, employees, agents and counsel are hereby authorized to execute and deliver the Funding Agreement and such other documents, instruments and agreements, and to do and perform such acts and actions, as are necessary to carry out the Authorized Transaction.  The execution and delivery of the Funding Agreement is not intended to expand the authorization of the transactions described in the Funding Agreement, which authorization remains limited as otherwise set forth in this Order.

---

[5]   It is not the intention of the Court to grant any relief in this Order under 11 U.S.C. §364(d) or 364(c)(3). No such relief was requested in the Motion.  Instead, the relief granted herein with regard to this security deed is granted under 11 U.S.C. §364(c)(2), which presumes that the Shortpay Payment is timely made in full and the Wells Fargo security deed is released under the terms of the Settlement Agreement as a result of such payment.  No security deed on the Property in favor of the Lender Bank (as defined in the Funding Agreement) is authorized hereunder.

10. <u>Effect of Continuation</u>.  Under the Funding Agreement, Semtech must provide to the Debtor written notice, on or before April 27, 2010, of its intent to continue with the Funding Agreement (such notice, a "<u>Continuation Notice</u>").  Should a Continuation Notice be timely given, (i) the Debtor shall file a notice of same with the Court, (ii) the $500,000.00 Contract Deposit (as defined in the Settlement Agreement) provided in connection with the Funding Agreement and presently held by Wells Fargo shall become nonrefundable and may be applied immediately by Wells Fargo to the obligations of the Debtor to Wells Fargo (although same shall also be a credit against the $40 million required to be paid by June 1, 2010 under the terms of the Settlement Agreement)[6], (iii) the Funding Agreement shall continue to be in force and effect as against the Debtor and Semtech (to the extent approved and authorized herein), and (iv) all conditions to the Shortpay Option in Paragraph 2(d) of the Settlement Agreement, other than as to the actual timely payment of the Shortpay Payment and the Claims Deposit, will be deemed fully satisfied by agreement of Wells Fargo and the Debtor.

11. <u>Effect of Non-continuation or Termination.</u>  If the Continuation Notice is not timely provided, or if the Funding Agreement is terminated by either of the parties prior to April 27, 2010 (i) the Debtor shall file a notice of same with the Court, (ii) the Funding Agreement shall be null and void and of no further force or effect, (iii) Wells Fargo shall return the $500,000.00 Contract Deposit to the Debtor no later than five business days after Wells Fargo is notified in writing of the failure of the Continuation Notice to be timely provided or the timely termination of the Funding Agreement, and (iv) Wells Fargo shall have the right to relief from stay pursuant to Paragraph 2(e) of the Settlement Agreement and the Order approving same, the April 27, 2010 deadline for the Approved Agreement becoming non-conditional and the Contract Deposit becoming nonrefundable not having been timely met.

12. <u>No Amendment to Settlement Agreement</u>.  Nothing in this Order is intended to amend or otherwise modify the terms and conditions of the Settlement Agreement or the Order approving same.

---

[6]  As noted in the Motion, Fourth Quarter Properties 100, LLC, an affiliate of the Debtor, delivered the Contract Deposit to Wells Fargo on the Debtor's behalf, so that the Debtor would remain in compliance with the Settlement Agreement.  In the event that Semtech directly or indirectly provides $500,000 to the Debtor to serve as the Contract Deposit, the Debtor is authorized to deliver such $500,000 to Fourth Quarter Properties 100, LLC as repayment for the advance by Fourth Quarter Properties 100, LLC to Wells Fargo.

13. <u>Binding Nature</u>.  The terms and provisions of the Funding Agreement (to the extent approved and authorized herein), together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, (i) the Debtor and its estate, (ii) the creditors of the Debtor, and (iii) all of their respective successors-in-interest and assigns.

14. <u>No Stay; Order Effective Immediately</u>.  No stay of any kind shall be applicable to this Order, including, without limitation, any stay provided for in any subdivision of Federal Rule of Bankruptcy Procedure 4001.  This Order shall be effective and enforceable immediately upon entry.

15. <u>Findings and Conclusions</u>.  The Court's findings of fact and conclusions of law set forth herein satisfy the requirements of Fed. R. Civ. P. 52 applicable herein by reason of Bankruptcy Rule 9014.  Any findings or conclusions read into the record by the Court at the Hearing that are not expressly set forth in this Order are hereby fully incorporated as if the same were set forth herein.

16. <u>Jurisdiction and Enforcement.</u>  The Court shall retain jurisdiction to enforce this Order and to decide any dispute arising between or among Debtor, Semtech and/or any other party to this case arising out of or related to this Order, the Funding Agreement and/or the transactions contemplated by the Funding Agreement.

**END OF DOCUMENT**

Prepared by:

Austin E. Carter
Georgia Bar No. 113695
Stone & Baxter, LLP
577 Mulberry Street, Suite 800
Macon, Georgia 31201

Order consented to by:

Brigham Enterprises, LLC

/s/ Edward J.P. Brigham_____
Edward J.P. Brigham
Member and Manager
As Authorized Representative for Semtech Holdings Co., Ltd.

Distribution List

R. Jeneane Treace, Esq.
Office of the United States Trustee
75 Spring Street, S.W.
Room 362
Atlanta, GA 30303

Paul Baisier, Esq.
Shuman Sohrn, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street
Suite 2500
Atlanta, GA 30309

Wells Fargo Bank, N.A.
National Association
Attn:  Mr. Mark Hausman
171 17th St., N.W., 6th Floor
MC GA4506
Atlanta, GA  30363-1032

Austin E. Carter, Esq.
Jerome L. Kaplan, Esq.
Stone & Baxter, LLP
577 Mulberry St., Suite 800
Macon, GA  31201

Fourth Quarter Properties XLVII, LLC
45 Ansley Drive
Newnan, GA  30263

G:\CLIENTS\Fourth Quarter Properties\FQP XLVII\Semtech Holdings\Order Approving Funding Agreement.Final.DOC